USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/17/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXSANDRA BRION,

                Plaintiff,

-against-

UNITED BUILDING MANAGEMENT CORP., et al.,

                Defendants.

25-CV-03593 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

*Pro se* Plaintiff Alexsandra Brion brought this employment discrimination lawsuit against multiple Defendants, including the Office of the Contract Arbitrator ("OCA") and Service Employees International Union – Local 32BJ (the "Union"). Both OCA and the Union moved to dismiss themselves as defendants. *See* Dkt. Nos. 28 & 36. The Court referred the motions to dismiss to the Honorable Jennifer E. Willis for a Report and Recommendation. *See* Dkt. No. 54. In the Report and Recommendation filed on January 28, 2026, Magistrate Judge Willis recommended that OCA's motion be granted with prejudice and that the Union's motion be granted with leave to amend. *See* Docket No. 71. Specifically, Judge Willis recommended that the Court permit Plaintiff to "allege additional facts or cure flaws in the complaint regarding the following claims" against the Union: (1) breach of the duty of fair representation; (2) Title VII retaliation; (3) Title VII discrimination; (4) State-law promissory estoppel; (5) State-law intentional infliction of emotional distress; and (6) State-law fraud. *Id.* at 29–30.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections or simply reiterates her original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had until February 11, 2026, to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. No. 71. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no

objection has been filed and no request for an extension of time to object has been made..[1] Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety. OCA's motion to dismiss (Dkt. No. 28) is GRANTED WITH PREJUDICE. The Union's motion to dismiss (Dkt. No. 36) is GRANTED WITH LEAVE TO AMEND.

Within **thirty (30) days** of this Order, Plaintiff may file an amended complaint if she wishes, including additional facts or allegations sufficient to support the following claims against the Union: (1) breach of the duty of fair representation; (2) Title VII retaliation; (3) Title VII discrimination; (4) State-law promissory estoppel; (5) State-law intentional infliction of emotional distress; and (6) State-law fraud. To be clear, Plaintiff may allege new facts or allegations related **only** to the Union, and **only** in support of the six claims described above. In preparing any amended complaint, the Court strongly advises Plaintiff to carefully consider Judge Willis's Report and Recommendation dated January 28, 2026, which explained why Plaintiff's initial claims against the Union were deficient.

If Plaintiff does not file an amended complaint within thirty (30) days of this Order, or seek an extension of that time based on good cause, then the Court will dismiss the Union from this lawsuit with prejudice.

Dated: February 17, 2026
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] Plaintiff did file a letter indicating that she is attempting to comply with a separate Order Judge Willis entered requiring Plaintiff to arbitrate claims against other Defendnats. *See* Dkt. No. 73. Nothing in this filing, however, could be construed as an objection to Judge Willis's Report and Recommendation.

2