

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXSANDRA BRION,

                     Plaintiff,

-against-

UNITED BUILDING MANAGEMENT CORP., et al.,

                     Defendants.

25-CV-03593 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This is an employment discrimination action brought by *pro se* plaintiff Alexsandra Brion against Defendants United Building Management Corporation ("UBM"), N&N Services, Inc. ("N&N Services"), Service Employees International Union – Local 32BJ (the "Union"), Realty Advisory Board on Labor Relations, Inc. ("RAB"), and the Office of the Contract Arbitrator ("OCA").

On January 28, 2026, Magistrate Judge Willis issued an Order granting UBM, N&N Services, and RAB's motion to compel arbitration. Dkt. No. 72. That same day, Judge Willis issued a Report and Recommendation ("R&R") on motions to dismiss filed by OCA and the Union. Dkt. No. 71. It recommended the Court grant OCA's motion to dismiss with prejudice and grant the Union's motion to dismiss with leave to amend. *Id.* The R&R advised the parties they had until February 11, 2026, to file any objections and warned that failure to timely file such objections would result in a waiver of any right to object.

No party objected to the R&R. Accordingly, on February 17, 2026, the Court adopted the R&R, dismissed the OCA and the Union, and provided Plaintiff until March 19, 2026, to file an amended complaint with claims against the Union. Dkt. No. 75. On April 3, 2026, two weeks after that March 19, 2026 deadline had elapsed without Plaintiff filing an amended complaint, the Court dismissed the Union with prejudice. Dkt. No. 77.

That brings us to the present. On April 29, 2026, Plaintiff made several filings in this case. The first letter asks the Court to void Judge Willis' order compelling arbitration and "return [Plaintiff's] case to the Court so that it may proceed in a fair and impartial forum." Dkt. No. 77. By separate letter, Plaintiff requested leave to object to the R&R, stating she received email notifications sent by the Court "but has experienced technical difficulties opening and reviewing those filings." Dkt. No. 79. Last, Plaintiff filed proposed objections to the R&R. Dkt. No. 81.

The Court will construe Plaintiff's letter requesting that the Court "return" her case as an objection to Judge Willis' order compelling arbitration. Per Rule 72(a) of the Federal Rules of Civil Procedure, an objection to a Magistrate Judge's written order on a non-dispositive matter is

due within fourteen (14) days of being served with the order.  Plaintiff consented to electronic service on April 30, 2025, Dkt. No. 3, and so the 14 days began to run on January 28, 2026, the date Judge Willis issued an order compelling arbitration.  Plaintiff did not file her letter until ninety-one (91) days after Judge Willis issued her Order.  Accordingly, the Court will DENY the motion as untimely.  Furthermore, even were the motion timely, the Court would still deny it, as nothing in the letter undermines Judge Willis' finding that the collective bargaining agreement requires arbitration of Plaintiff's claims, nor the mandate of the Federal Arbitration Act once an agreement to arbitrate is found.  Plaintiff's complaints about the purported "unfairness" of the arbitration process are not bases to revisit Judge Willis' order compelling arbitration.  Any such complaints can be taken up, if ever, when either party seeks to enforce or vacate an arbitration award.

Next, Plaintiff's motion for leave to file objections to the R&R is DENIED.  Federal Rule of Civil Procedure 72(b)(2) specifies objections to an R&R are due within fourteen (14) days.  Plaintiff has missed that deadline by over two months.  Furthermore, she has failed to show good cause for this failure.  If Plaintiff realized technical issues prevented her from accessing documents attached to ECF notices, she should have endeavored to resolve that issue earlier than three months after Judge Willis issued her R&R.[1]  Additionally, nothing prevented Plaintiff from viewing the publicly available electronic docket on her case.  The publicly-available docket entry for Judge Willis' R&R provides: "[T]his court recommends that Defendant OCA and the Union's motions to dismiss be GRANTED in full.  SO ORDERED.  Objection to R&R due by 2/11/2026."  Therefore, the February 11, 2026 objection deadline was readily knowable to Plaintiff in the exercise of even minimal due diligence.  Moreover, Plaintiff was actively engaged in her case, filing a letter to the Court on February 11, 2026, Dkt. No. 73, the same day that objections to the R&R (or a request for an extension of time to object) were due.

Even if the Court were to engage with Plaintiff's objections, the Court would not revisit its adoption of the R&R in full.  Plaintiff's objections do not raise new issues, do not engage with the reasoning or legal conclusions of the R&R, and do not identify any facts or law that Judge Willis got wrong.  Nor did Plaintiff avail herself of the opportunity to amend her complaint against the Union, which Judge Willis recommended, and the Court specifically adopted, urging Plaintiff in the Order adopting the R&R to "carefully consider [the R&R], which explained why Plaintiff's initial claims against the Union were deficient." Dkt. No. 75.  That Order also specifically advised Plaintiff that if she did not file an amended complaint within 30 days, or seek an extension of that time, the Union would be dismissed with prejudice.  *Id.*  Both of those admonitions are also clearly viewable in the publicly-available docket entry for this case, and so would be known to Plaintiff (either via the email notifications she received, or by viewing the docket itself), even without opening any attachments or viewing the underlying documents.

Even giving full consideration to Plaintiff's pro se status, the Court cannot excuse the egregious flaunting of deadlines without good cause.  Nor does the Court find any substantive basis in Plaintiff's filing to disturb Judge Willis' order compelling arbitration or this Court's Order adopting the R&R.

---

[1] The Court provides a variety of means to do this:  the ECF Helpdesk, the Pro Se Intake Unit in the Clerk's Office, or the Pro Se Legal Assistance Project.

For the foregoing reasons, Plaintiff's motion to vacate Judge Willis' Order compelling arbitration and motion for leave to object to the R&R "out of time" are DENIED. The Clerk of Court is respectfully directed to terminate Dkt. No. 80.

Dated: May 7, 2026
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3